IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | * |
| BLAKE R. VAN LEER, II | * CIVIL ACTION NO. MJG-01-908 |
| Debtor | * |

* * * * * * * * * *

| | |
|---|---|
| MERCANTILE-SAFE DEPOSIT & TRUST COMPANY, et al. | * (Pending in the United States Bankruptcy Court for the District of Maryland as Case No. 99-62043-JS Chapter 11) |
| Appellants | * |
| vs. | * |
| BLAKE R. VAN LEER, II | * |
| Appellee | |

* * * * * * * * * *

### DECISION ON APPEAL

The Court has before it Mercantile Safe Deposit and Trust Co., First Mariner Bank, and Dashco, Inc.'s ("Appellants'") appeal from the Bankruptcy Court's February 20, 2001 Order granting Debtor's Motion for permission to use Cash Collateral. The Court has held a hearing and has had the benefit of the arguments of counsel.

I. BACKGROUND

Blake R. Van Leer II ("Debtor") develops facilities for the handling and recycling of waste. On September 15, 1999, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy

Code. Debtor's bankruptcy case is currently pending in the United States Bankruptcy Court for the District of Maryland as Case No. 99-62043-JS. Debtor continues in possession of his property and manages his financial affairs as a debtor-in-possession.

From the sale of a successful landfill he developed in King George County, Virginia (the "Landfill"), Debtor receives payments (the "Landfill Payments") from Waste Management, Inc. of approximately $250,000 per quarter or $1,000,000 per year. The Landfill Payments constitute "cash collateral" under 11 U.S.C. § 363.

Debtor and Appellants agreed to Consent Orders allowing Debtor's interim use of this cash collateral for the first five quarters after the beginning of the bankruptcy case. Pursuant to these orders, Debtor received significant portions of the Landfill Payments and used the money to continue the development of his three (3) other waste handling sites in accordance with a budget approved by Mercantile, First Mariner, and Dashco.

On January 16, 2001, Debtor filed a Motion for Interim Use of Cash Collateral for the February 2001 quarterly landfill payment, which covered the period of February 1, 2001 through and including April 30, 2001; however, Appellants did not consent to the motion. Appellants opposed the motion on the ground that

allowing Debtor to spend the landfill payments was draining Debtor's sole income-producing asset. Appellants argued that their only reasonable prospect for repayment of the debt is from the landfill payments, and that the diminishing value of the landfill payments as an asset is causing them irreparable injury. After a hearing, the Bankruptcy Court entered an Order on February 20, 2001 granting Debtor's Motion for Permission to Use Cash Collateral. The Order found that the interests of Mercantile, First Mariner, and Dashco were adequately protected.

On March 2, 2001, Appellants filed notices of appeal with the Bankruptcy Court. On April 19, 2001 Debtor filed a Motion to Dismiss the Appeal. On December 6, 2001, the Court denied the Motion.

II. <u>LEGAL STANDARD</u>

When a District Court reviews an Order of a Bankruptcy Court, the District Court acts as an appellate court. Accordingly, legal conclusions are reviewed <u>de novo</u>, whereas findings of fact may be set aside only if "clearly erroneous." <u>Rinn v. First Union National Bank of Md.</u>, 176 B.R. 401, 407 (D. Md. 1995); <u>Matter of CHG Intern., Inc.</u>, 897 F.2d 1479, 1482 (9th Cir. 1990); <u>Brown v. Pennsylvania State Employees Credit Union</u>, 851 F.2d 81, 84 (3rd Cir. 1988); <u>Wegner v. Grunewaldt</u>, 821 F.2d

3

1317, 1320 (8th Cir. 1987); <u>In re Columbia Data Products, inc.</u>, 99 B.R. 682, 683 (D. Md. 1989), <u>aff'd</u>, 892 F.2d 26 (4th Cir. 1989).

III. <u>DISCUSSION</u>

As stated on the record of proceedings on January 23, 2002, the Court concludes that the record is not adequate to permit appellate review of the Bankruptcy Court's action. In particular, this Court is, at present,[1] concerned about the continuation of the use of the cash collateral to fund Debtor's ventures and, apparently, to provide a substantial source for payment of Debtor's personal expenses.

No point would be served by remanding this case for further findings as to the situation in February of 2001. However, it appears sound to remand the case with direction to the Bankruptcy Court to make certain findings in regard to its action on the currently pending Motion for Interim Use of Cash Collateral. The Court will, promptly after the Bankruptcy Court ruling on the said motion, consider any appeal that may be brought.

---

[1] In part in light of counsel's statements as to developments (or the lack thereof) since the February 20, 2001 Order.

4

In particular, the Court finds it necessary to have the Bankruptcy Court's findings as to such matters as:

- The amount of the relevant secured debt;[2]

- The present value of the cash collateral, that is the income stream from the King George County Landfill;

- The method used to calculate the present value of the income stream from the King George County Landfill;

- The extent to which the value of the income stream from the King George County Landfill is being diminished by Debtor's use of the cash collateral;

- The reasonableness of the prospects of profit from the development projects known as the Dashiell Project, the Cross Road Trail Project, the Rollins Transfer Station Project;

- The present value of Debtor's other assets;

- The amount of cash collateral being used for Debtor's personal expenses;

- The reasonableness of use of cash collateral for Debtor's personal expenses.

---

[2] The Court notes the position of counsel for the Debtor that he need not take a position as to the amount of the relevant debt since it is not the debt that is to be protected. This Court understands that it is the "interest" which must be protected under 11 U.S.C. § 363(e); however, the method by which the appellants asserted that Debtor sought to prove adequate protection was the "equity cushion" method under which the value of the interest must exceed the value of the secured debt.

5

IV.  CONCLUSION

For the foregoing reasons:

1. The Court neither affirms nor reverses the Bankruptcy Court's February 20, 2001 Order.

2. This case shall be REMANDED to the Bankruptcy Court for further proceedings consistent herewith.

SO DECIDED this  24th  day of January, 2002.

_____
Marvin J. Garbis
United States District Judge

6